# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Julie P. Kraus,<br>　　　　　Plaintiff,<br><br>v.<br><br>(1) QEP Resources, Inc.,<br>　　　　　Defendant. | Case No. CIV-19-618-R<br>State Case No. CJ-2019-78<br>District Court of Kingfisher County |

## NOTICE OF REMOVAL

Defendant, QEP Resources, Inc. ("QEP"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 and LCvR 81.1 and 81.2, hereby removes this matter from the District Court of Kingfisher County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, QEP states as follows:

1. On June 4, 2019, Julie P. Kraus ("Plaintiff"), filed a Petition in the District Court of Kingfisher County, Case No. CJ-2019-78. A copy of the Petition is attached as Exhibit 1.

2. QEP was served with the Summons and Petition by certified mail on June 24, 2019. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after QEP was served with the Summons and Petition. A copy of the Summons issued and served on QEP is attached hereto as Exhibit 2.

3. No further process, pleadings or motions have been served and no further proceedings have taken place in this action. A copy of the state court docket sheet is attached hereto as Exhibit 3.

{1987552;}

4. Venue is proper under 28 U.S.C. § 1441(a) for all federal claims because the District Court of Kingfisher County, State of Oklahoma is located within the district for the United States District Court for the Western District of Oklahoma.

**FIRST BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1001, et seq. *See also* 29 U.S.C. § 1132(f) ("The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection [1132(a)] of this section in any action.").

6. The Plaintiff alleges that at the time of his death, Larry Kraus ("Decedent") was a retiree of QEP Resources, Inc. ("QEP") and a participant in the QEP Resources, Inc. Umbrella Benefits Plan (the "Plan"), a welfare benefit plan sponsored by QEP. The Plan is governed by ERISA. In her Petition, Plaintiff admits that this action is brought under ERISA and that she seeks to recover "an award of damages in the amount of $615,000.00 and all appropriate relief under ERISA's remedial scheme for the full amount of the benefits at issue, pursuant to 29 U.S.C. 1332 §(a)(1)(B), or alternatively pursuant to 29 U.S.C. §1132 (a)(3), additionally including all incurred costs, interest and attorney's fees."[1] (Petition, Page 2). Thus, Plaintiff has filed this lawsuit asserting an ERISA benefit claim under § 1132(a)(1)(B), and in the alternative an equitable claim under § 1132(a)(3).

---

[1] Although the Petition cites "29 U.S.C. 1332 §(a)(1)(B)," it is clear that this was a typographical error. ERISA's civil enforcement provision is found at 29 U.S.C. § 1132(a)(1)(B).

{1987552;}

Pursuant to ERISA's jurisdictional provision, "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant." 29 U.S.C. § 1132(e)(1). Because Plaintiff's claims are governed by ERISA and federal courts have exclusive jurisdiction over § 1132(a)(3) claims, this matter is removable to this Court in accordance with 28 U.S.C. § 1441 (a).

## SECOND BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. Also, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. QEP is a corporation organized under the laws of the State of Delaware, with its principal place of business in Denver, Colorado. Plaintiff alleges in the Petition that she is a citizen of Kingfisher County, State of Oklahoma (Petition, Page 1, Paragraph 3).

9. Plaintiff seeks to recover optional life insurance benefits under the Plan amounting to $615,000. Thus, Plaintiff's alleged damages in the action are more than $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount required for removal.

10. Therefore, by virtue of the provisions of 28 U.S.C. § 1441, and in accordance with the procedure set forth in 28 U.S.C. § 1446, this matter is one which may be removed to the United States District Court for the Western District of Oklahoma.

## PROCEDURAL REQUIREMENTS

11.     QEP certifies that it will provide written notification to Plaintiff's counsel of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further, QEP will promptly file a Notification of Removal attaching a copy of this Notice of Removal with the Clerk of the District Court of Kingfisher County, State of Oklahoma, where the action is currently pending as required by 28 U.S.C. § 1446(d).

12.     QEP submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

13.     This Notice of Removal does not waive any objections to defects in process or service of process, jurisdiction, venue, statute of limitations, exhaustion of administrative remedies, or any other defenses.

**WHEREFORE**, Defendant, QEP Resources, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this case styled Julie P. Kraus v. QEP Resources, Inc., Case No. CJ-2019-78 in the District Court of Kingfisher County, State of Oklahoma, on this 10th day of July, 2019.

{1987552;}

Dated: July 10, 2019

                Respectfully submitted,

                <u>R. Casey Cooper</u>
                R. Casey Cooper, OBA #1897
                James Wesley S. Pebsworth, OBA #30900
                GABLEGOTWALS
                1100 ONEOK Plaza
                100 W. Fifth Street
                Tulsa, OK 74103-4217
                (918) 595-4800
                (918) 595-4990 (fax)

                Attorneys for Defendant, QEP Resources, Inc.

## CERTIFICATE OF MAILING

     I hereby certify that on the 10th day of July, 2019, a true, correct and exact copy of the above and foregoing document was served by electronic mail and by first class mail, postage prepaid, to those parties as listed below:

Roy S. Dickinson
1408 Winding Ridge Road
Norman, OK 73072
Roy.d@coxinet.net

                <u>R. Casey Cooper</u>
                R. Casey Cooper

{1987552;}