# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JULIE P. KRAUS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Case No. Civ-19-618 PRW |
| v. | ) |
| | ) |
| **QEP Resources, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, for her amended[1] causes of action alleges and states:

1. This is an action brought pursuant to 29 U.S.C § 1001, et. seq. (ERISA).

2. The Court has jurisdiction pursuant to ERISA.

3. Plaintiff is a citizen of Kingfisher County, Oklahoma; defendant, a Colorado corporation, does business and has significant contacts in Oklahoma.

4. Jurisdiction and venue in this court are proper.

## FIRST CAUSE OF ACTION

5. Plaintiff is the primary beneficiary of her late husband Larry Kraus's employee welfare benefit life and accidental death (AD&D) insurance plan ("The plan"). This insurance, issued by

---

[1] Plaintiff's State Court petition was removed to this Court by Defendant. No responsive pleading has yet been filed by Defendant. Amendment as a matter of course is thus proper under Fed.R.Civ.P. 15(a)(1)(B).

        Metropolitan Life (an employee welfare benefit plan as defined by ERISA) was provided to Mr. Kraus by defendant, who was the Plan Administrator, a fiduciary as defined by ERISA. The plan provided for payment of insurance benefits to Plaintiff in the event of the death of Mr. Kraus.

6.     Mr. Kraus died on or about May 22, 2016.

7.     At all relevant times, Plaintiff's decedent was covered, or should have been covered, by the plan, in the amount of $665,000.00.

8.     Mr. Kraus became totally disabled[2] as defined by the plan on or about August 8, 2014, and thus became eligible for continuation and/or portability coverage of his Life and AD&D plan.

9.     Mr. Kraus applied for and received disability benefits from Defendant's insurance Company, Metropolitan Life (Met Life), as a result of his disabling stroke of August 8, 2014; MetLife paid Mr. Kraus disability benefits until his death.

10.     The Plan's life (basic life, Supplemental Life and Optional Life) policy provides that coverage shall continue in the event of an insured's total disability; premium payment for the coverage is waived in the event of total disability.

11.     Mr. Krauss timely applied for said premium waiver continuation coverage, notifying Metropolitan Life of his total disability.

---

[2] Mr. Kraus' disability was the result of a stroke; the stroke disabled him physically and also caused him to suffer disabling cognitive impairment.

12. In or around February 2015, QEP notified Mr. Kraus that his employment position had been eliminated.

13. QEP undertook to assist Mr. Krauss with the paperwork necessary to facilitate his retirement and to continue his insurance coverage.

14. Part of the paperwork QEP assisted Mr. Krauss with included a "Life Insurance Designation of Beneficiary" which, unbeknownst to Mr. Kraus, caused Mr. Kraus' Life Insurance coverages to drop from $665,000.00 to $50,000.00. Mr. Krauss, complying with his employer's request, signed the form, which was later submitted to MetLife by QEP. At no time did any employee of QEP notify Mr. Kraus that filling out this paperwork would cause him to lose $615,000.00 in life coverage, and the form is silent as to this consequence.

15. Had Mr. Kraus known of the financially devastating result of signing the paperwork voiding his supplemental life coverage he would have not signed it. Moreover, had Mr. Kraus been advised that the form OEP had him sign would affect his life insurance coverage, he could have and would have paid for "ported coverage" which would have continued his optional/supplemental life coverage in an amount equal to his pre-retirement benefits. QEP, having undertaken the fiduciary responsibility of assisting Mr. Kraus, failed to inform him that

election of ported coverage was only available for a maximum 91 days after retirement. As a result of QEPs failure to properly carry out the fiduciary duties it undertook, and Mr. Kraus's reliance upon QEP's benefit specialists' advice, the opportunity or to continue life coverage in the amount of $615,000.00 was lost.

16. Mr. Kraus relied upon the assistance and expertise of the QEP benefit specialist employees who undertook the responsibility of assisting and advising him with his retirement.

17. Additionally, as a result of his stroke, Mr. Kraus lacked the requisite mental capacity to execute the documents changing his coverage; QEP know or should have known of this.

18. QEP, exercising its fiduciary duty as Plan Administrator, failed to properly advise Mr. Kraus and to notify him of his right to elect continuation/ported coverage, and instead required or induced Mr. Kraus to retire without advising him of his right to continue his existing coverage amounts. Defendant's acts and omissions, all in breach of its fiduciary duty, resulted in a loss of coverage for all but "basic coverage" in the amount of $50,000.00 provided retirees, causing a net loss to Plaintiff of $615,000.00.

19. Moreover, Defendant failed in its fiduciary duty to notify Mr. Kraus of changes to coverage caused by his retirement.

20. After her husband's death, Plaintiff made a claim for the death benefits provided by the plan, and complied with all relevant

administrative procedures regarding her claim and appeal for the benefits at issue; QEP again "assisted" Ms. Kraus in submitting her claim for life insurance.

21. Metropolitan Life denied Plaintiff's claim as well as her administrative appeal of said denial, asserting that the premium waiver claim had been denied, and that Mr. Kraus' retirement effectively reduced his life insurance coverage to $50,000.00.

22. As a result of Defendant's acts and omissions, Plaintiff has been damaged in the amount of $615,000.00; Plaintiff has also incurred legal costs and attorney's fees.

23. Plaintiff has exhausted all administrative remedies and this action is timely filed.

**Wherefore**, Plaintiff seeks an award of damages in the amount of $615,000.00 and all appropriate relief under ERISA's remedial scheme for the full amount of the benefits at issue, pursuant to 29 U.S.C 1132 § (a)(1)(B), or alternatively pursuant to 29 U.S.C §1132 (a)(3), additionally including all incurred costs, interest and attorney's fees.

Respectfully Submitted,

/s/ Roy S. Dickinson
Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
**ATTORNEY'S LIEN CLAIMED**   (405) 321-3288
(405)973-2204 (fax)
Roy.d@coxinet.net


*Certificate of Service*

      I hereby certify that on September 6, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Casey Cooper, Esq.
James Wesley S. Pebsworth, Esq.
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma  74103

 /s/ Roy S. Dickinson